IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERICKRICA T. FREEMAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2022-K |
| | § | |
| NEW YORK LIFE INSURANCE | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Defendant New York Life Insurance has filed a motion to compel discovery in this *pro se* race discrimination and retaliation case brought under Title VII of the Civil Rights Act of 1964 ("Title VII), as amended, 42 U.S.C. § 2000e, *et seq.*, and Texas law. At issue are: (1) a request for production asking plaintiff to provide signed authorizations for the release of her medical, mental health, and counseling records from December 1, 1999 to the present; and (2) an interrogatory requiring plaintiff to describe her efforts, whether successful or not, to obtain employment from February 6, 2008 until the time of trial.[1] The parties have briefed their respective positions in a joint status report filed on April 7, 2010, and the motion is ripe for determination.

The court agrees with plaintiff that the authorizations requested by defendant are overly broad. Although plaintiff has placed her mental condition "in controversy" by suing for, *inter alia*, intentional infliction of emotional distress, only her mental health and counseling records are relevant to that claim. To the extent defendant is entitled to records regarding plaintiff's allegations

---

[1] As a result of their pre-motion conference, the parties were able to resolve many other discovery disputes. (*See* Jt. Stat. Rep. at 8-11, ¶ 2). The court expects plaintiff to honor the agreements she made with opposing counsel regarding that discovery.

of emotional pain and mental anguish, those records should be limited to mental health and counseling records. Plaintiff has agreed to provide defendant with a signed authorization for records maintained by her therapist, Dr. Linda Pitts. If plaintiff has sought mental health treatment or counseling from any other source, either before or after the events made the basis of this suit, she also must provide defendant with signed authorizations for those records. Otherwise, plaintiff's objection to Request for Production No. 2 is sustained.

The court reaches a different conclusion with respect to the interrogatory asking plaintiff to describe her efforts to obtain employment. This information is clearly relevant to plaintiff's duty to mitigate her damages. Although plaintiff provided defendant with a list of 103 employers or potential employers, no information about those employers is provided. Plaintiff is therefore ordered to supplement her answer to Interrogatory No. 10 by providing the following information for each employer for whom she worked, or for each potential employer with whom she sought employment, from February 6, 2008 to the present: (1) the name and address of each employer or potential employer; (2) the positions held or applied for by plaintiff; (3) whether plaintiff submitted any resumes or applications for employment; (4) the dates plaintiff applied for employment; (5) whether plaintiff obtained any interviews; and (6) whether plaintiff was offered employment and/or turned down employment.

For these reasons, defendant's motion to compel discovery [Doc. #20] is granted in part and denied in part. Plaintiff shall provide defendant with a signed authorization for mental health and counseling records by **April 16, 2010**, and supplement her answer to Interrogatory No. 10 by **April 23, 2010.** In all other respects, the motion is denied.

SO ORDERED.

DATED: April 13, 2010.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE